IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BMJ FOODS PUERTO RICO, INC.,<br><br>    Plaintiff<br><br>v.<br><br>METROMEDIA STEAKHOUSES COMPANY, L.P. and PUERTO RICO PONDEROSA, INC.,<br>    Defendants. | CIVIL NO. 08-1098 (GAG/BJM) |

## OPINION AND ORDER

Defendants Metromedia Steakhouses Company, L.P. ("Metromedia") and Puerto Rico Ponderosa, Inc. ("P.R. Ponderosa") move to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. §1404(a). (Docket No. 8). Plaintiff BMJ Foods Puerto Rico, Inc. ("BMJ Foods") opposes, and further moves to remand the case to the courts of the Commonwealth of Puerto Rico for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c). (Docket No. 14). These non-dispositive matters were referred to me for resolution by the presiding district judge. See 28 U.S.C. §636(b)(1)(A); Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F.Supp. 740 (D.R.I. 1996) (magistrate judge has authority to resolve motion to remand); Shenker v. Murasky, 1996 WL 650974 (E.D.N.Y. 1996) (motion to transfer venue is non-case-dispositive matter). For the reasons that follow, the motion to remand is denied, and the motion to transfer is granted.

## Background

This dispute, which arises out of several franchise agreements that govern the operation of Ponderosa Steakhouse restaurants in Puerto Rico, is the subject of a case filed in the Northern District of Texas ("Texas case") and a case filed in Puerto Rico ("Puerto Rico case").

On December 6, 2007, Metromedia filed suit against BMJ Foods in the Northern District of Texas, alleging BMJ Foods withheld fees in breach of the franchise agreements. Shortly thereafter, Metromedia sent BMJ Foods a notice of the lawsuit and request for waiver of service of summons. In January of 2008, and in response to concerns raised by the Texas court regarding its jurisdiction, Metromedia filed two amended complaints to clarify the citizenship of its limited partners.

Before the Texas complaint was amended, however, BMJ Foods, on January 3, 2008, filed the present Puerto Rico case against Metromedia and P.R. Ponderosa in the courts of the Commonwealth of Puerto Rico. In the Puerto Rico case, BMJ Foods alleges breach of the same franchise agreements at issue in the Texas case, as well defendants' violation of Puerto Rico's Act 75, 10 L.P.R.A. § 278, *et seq.* P. R. Ponderosa was served with process in the Puerto Rico case the same day it was filed. Defendants subsequently removed the Puerto Rico case to this court, invoking subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

BMJ Foods, defendant in the Texas case, moved to dismiss that case for alleged lack of personal and subject matter jurisdiction, arguing that it did not have sufficient minimum contacts with Texas and that there was no diversity of citizenship because both it and P.R. Ponderosa were corporate citizens of Puerto Rico. In the alternative, BMJ Foods moved to transfer the Texas case to Puerto Rico under the "first-to-file" rule, arguing that even though the Texas case was the first to be filed, the Puerto Rico case was the first in which jurisdiction was established over the subject matter and the parties. The Texas court rejected all of BMJ Food's arguments in a decision handed down on March 26, 2008. (Docket No. 17, Exh. A). BMJ Foods subsequently answered the complaint in the Texas case and submitted a counterclaim containing essentially the same factual allegations and causes of action it alleges in the Puerto Rico case. (Docket No. 21, Exh. 1).

Pending before this court are arguments that are legally and factually similar to those already addressed in the Texas case: first, BMJ Foods seeks to remand the Puerto Rico case to the Commonwealth courts due to an alleged lack of complete diversity among the parties; and second, Metromedia and P.R. Ponderosa seek to transfer the Puerto Rico case to the Northern District of Texas, citing the "first-to-file" rule. Both issues are addressed below.

### BMJ Foods's Motion to Remand

BMJ Foods argues that there is no complete diversity of the parties and that the case therefore must be remanded for lack of subject matter jurisdiction. See 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In particular, BMJ Foods alleges that there is no diversity because it is a citizen of Puerto Rico and that P.R. Ponderosa's principal place of business, contrary to what defendants alleged in the notice of removal, is also Puerto Rico.

"Diversity of citizenship exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005). For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Once the jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof. Media Duplication Servs., LTD v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991).

The First Circuit follows two tests for determining a corporation's principal place of business: the "nerve center" test and the "locus of operations" test. Díaz-Rodríguez v. Pep Boys Corp., 410 F.3d 56, 59 (1st Cir. 2005). The "nerve center" test applies to corporations without physical operations or with complex, far-flung activities, and focuses on the place from where the

corporation's activities are controlled, whereas the "locus of operations" test searches for the location of actual physical operations of a corporation. Id.

Under either test, P.R. Ponderosa has established, through submission of an affidavit by Robert J. Hoffman, president of Ponderosa Steakhouses, a division of Metromedia, that its principal place of business is Texas. In his affidavit, Mr. Hoffman attests that Ponderosa is headquartered in Plano, Texas, where it maintains its accounting, culinary development, franchise administration, and marketing departments, as well as its executive offices. Mr. Hoffman further attests that P.R. Ponderosa keeps its files at its headquarters in Plano, Texas, and that in lieu of stationing a full-time consultant in Puerto Rico, P.R. Ponderosa offers BMJ Foods a monetary credit that is administered by the accounting department in Texas. (Docket No. 8-3). P.R. Ponderosa's annual statement filed with the Puerto Rico Department of State further indicates that its officers and directors all are located in Texas, and that it conducted no operations and had no assets in Puerto Rico during 2005 and 2006. (Docket No. 14-5). Although BMJ Foods contends that P.R. Ponderosa is only authorized to do business in Puerto Rico, and is not authorized to business in Texas, it has not put forth any evidence that P.R. Ponderosa has any physical presence in Puerto Rico or administers its business from Puerto Rico. Accordingly, the motion to remand for lack of subject matter jurisdiction is denied.

**Motion to Transfer Venue**

Defendants Metromedia and P.R. Ponderosa argue that venue should be transferred because a similar action was first filed in Northern District of Texas and because that district provides the more convenient forum.

Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." "In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000), *citing* Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). Where identical actions are proceeding concurrently in two federal courts, the first filed action is generally preferred in a choice-of-venue decision. Coady, 223 F.3d at 11. However, the burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum. Id., *citing* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Moreover, "[w]here the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer." TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996). Nonetheless, when the overlap is not complete, the court must decide on a case-by-case basis, "based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id. In the end, the decision to transfer a case is within the sound discretion of the district court. Intercall Comm., Inc. v. Instant Impact, Inc., 376 F.Supp. 2d 155, 157 (D.P.R. 2005).

　　　　Here, the interest of judicial efficiency weighs strongly in favor of transferring this case to the Northern District of Texas where it might be consolidated with the first-to-be-filed case. Both cases center on the same franchise agreements and require the court to resolve the parties' reciprocal claims of breach of contract. See Aguakem Caribe, Inc. v. Kemiron Atlantic, Inc., 218 F.Supp. 2d 199, 203 (D.P.R. 2002) ("The close relation between the two suits, the Court finds, justifies transfer pursuant to §1404(a)."). Transfer of the case would therefore alleviate concerns that the first-to-file rule was meant to address, namely "wasted resources because of piecemeal litigation, the possibility

of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." TPM Holdings, 91 F.3d at 4.

Second, the Texas case was filed first, "and there is case law strongly favoring the forum where suit was first-filed." Aguakem Caribe, 218 F.Supp. 2d at 203. BMJ Foods goes to great lengths to demonstrate that although the case was first filed in Texas, Puerto Rico was the first to establish jurisdiction over the parties, and that the first-to-file rule therefore favors the Puerto Rico case. (See Docket No.14). This argument is misplaced. As the Texas court noted in rejecting this same argument, the "first-to-file rule is not a jurisdictional inquiry." (Docket No. 17, Exh. A, p. 3). Although courts describing the first-to-file rule often express the rule in terms of which court first established jurisdiction over the subject matter, it is the court of the first *filing* that has priority, even if there are outstanding jurisdictional issues to be resolved. Id., *citing* Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604-05 (5th Cir. 1999). Here, there is no indication that the filing in Texas was the result of an opportunistic race to the courthouse, and any initial concern the Texas court had regarding its subject matter jurisdiction has been resolved. The first-to-file rule therefore favors transfer.

Moreover, the record, on balance, reveals that Texas is the more convenient forum. Defendants have submitted affidavits attesting to the fact that virtually all of their witnesses and documents are located in Plano, Texas, and that BMJ Food's principal, Mr. Samuel Jove, has traveled to Texas to discuss franchise operations. (Docket No. 8, Exh. A, B, F). BMJ Foods argues generally that its witnesses, experts, and documents are located in Puerto Rico, but it has not filed an affidavit or otherwise identified any such witnesses, documents, or experts. (Docket No. 14, p. 12). Although the court assumes that at least some of BMJ Food's witnesses reside in Puerto Rico, the record does not reveal that BMJ Foods would be greatly inconvenienced by litigating its claims

in Texas, especially since it likely will need to rely on the same witnesses in defending the action that was filed against it in that forum, and since it has filed a counterclaim in the Texas case raising the same allegations and causes of actions it brings in the Puerto Rico case.

Finally, BMJ Foods argues that this court has more expertise in presiding over cases brought under Puerto Rico's Act No. 75. Be that as it may, this court has found in the past that transferee courts are fully capable of resolving claims brought under Act 75 pursuant to Puerto Rico law. Aguakem Caribe, 218 F.Supp. 2d at 203; see also Senador Intern., Inc. v. King Bros. Indus., 181 F.Supp. 2d 51 (D.P.R. 2002) (transferring case brought under Act No. 75 to the Central District of California). In short, an unsubstantiated fear that the transferee court might err in the application of Puerto Rico law does not overcome the other factors that weigh heavily in favor of transferring venue to the forum of first filing. Accordingly, the court hereby grants defendants' motion and transfers this case to the United States District Court for the Northern District of Texas.

## CONCLUSION

For the foregoing reasons, BMJ Food's motion to remand is **DENIED**, and defendants' motion to transfer is **GRANTED**. This case is hereby transferred to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico this 16th day of April, 2008.

*S/Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge